IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01479-BNB-MJW

DR. PAUL A. MITCHELL, M.D.,

Plaintiff,

v.

ROCKY MOUNTAIN CANCER CENTERS, LLP,

Defendant.

## ORDER

This matter is before me on the plaintiff's **Motion for Rule 54(b) Certification** [Doc. #76, filed 9/26/08] (the "Motion"). The Motion is DENIED.

On August 5, 2008, I entered an order dismissing as withdrawn the plaintiff's age discrimination claim and granting summary judgment in favor of the defendant on the plaintiff's claims for discriminatory discharge and hostile environment [Doc. #61]. In addition, I ordered supplemental briefing on the plaintiff's remaining claim for retaliation.

On August 13, 2008, the plaintiff filed a Notice of Appeal with the Tenth Circuit Court of Appeals [Doc. #63]. The Notice of Appeal states that the plaintiff is appealing the entry of summary judgment on the claims for discriminatory discharge and hostile environment.

On August 25, 2008, the plaintiff sought to withdraw his retaliation claim [Doc. #69]. The defendant stipulated to the dismissal of the claim without prejudice [Doc. #68]. I construed the plaintiff's request to withdraw the retaliation claim as a stipulation of dismissal pursuant to

Rule 41(a)(1), Fed.R.Civ.P., and I dismissed the retaliation claim without prejudice [Doc. #70]. Judgment entered on August 28, 2008 [Doc. #71].

On August 29, 2008, the circuit court issued an order noting that because the retaliation claim was dismissed without prejudice, "it may not be sufficient to render the earlier orders final for purposes of appeal" [Doc. #72]. The circuit court directed the plaintiff to "serve and file a copy of a district court order entering either a final judgment or a Rule 54(b) certification."

On September 24, 2008, the plaintiff requested that I dismiss the retaliation claim with prejudice [Doc. #73]. I construed the plaintiff's request as one for relief under Fed.R.Civ.P. 60 [Doc. #74], and I denied it because the plaintiff did not identify or discuss any grounds for relief under Rule 60.

The plaintiff now requests certification pursuant to Fed. R. Civ. P. 54(b). Rule 54(b) provides that when multiple claims or parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay."

The circuit court has provided the following summary of the purpose and scope of Rule 54(b):

> The purpose of Rule 54(b) is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available. However, Rule 54(b) preserves the historic federal policy against piecemeal appeals--a policy that promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case. Thus, the rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or

2

multiple-claim situations at a time that best serves the needs of the litigants.

Rule 54(b) entries are not to be made routinely. Indeed, trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships. Thus, a certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case.

A two-tiered standard of review is applied to a district court's Rule 54(b) certification. The district court's determination of the certified order's finality is subject to de novo review because it is a question of law. However, the district court's determination that there is no just reason for delay is reviewed only for abuse of discretion.

\* \* \*

To be considered "final," an order must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action. While the exact definition of "claim" for purposes of Rule 54(b) is unsettled, a claim is generally understood to include all factually or legally connected elements of a case. This notion of connectedness also appears in Moore's Federal Practice 3d § 202.06[2], which states:

> [A] judgment is not final unless the claims disposed of are separable from the remaining claims against the same parties. Separability is an elusive term, and no reliable litmus test exists for determining when a claim is a distinct claim of relief. Courts, however, have concentrated on two factors: (1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief.

> Thus, a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separable from the claims left unresolved.

Oklahoma Turnpike Authority v. Bruner, 259 F.3d 1236, 1241-1243 (10th Cir. 2001) (quotations and citations omitted).

Where at least one claim has been dismissed without prejudice, a party generally cannot obtain appellate jurisdiction because dismissal without prejudice is usually not a final decision and, therefore, the case has not been fully disposed of in the district court. Jackson v. Volvo Trucks North America, Inc., 462 F.3d 1234, 1238 (10th Cir. 2006). The exception to this general rule is "where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court," and the plaintiff has been effectively prevented from refiling the claim in federal court. Id.

Here, the plaintiff's retaliation claim has been dismissed without prejudice, and no barrier exists to prevent him from reasserting it. In addition, because the plaintiff withdrew his ADEA claim, it was not addressed on the merits and could be reasserted in this Court.

Moreover, in his motion seeking dismissal of the retaliation claim [Doc. #69], the plaintiff stated the following:

> Plaintiff's claim of retaliation remained the only issue of said case after the District Court Granted Summary Judgment to the Rocky Mountain Cancer Centers. Therefore, Plaintiff now removes the remaining obstacle for the District Court to Enter a Final Judgment Order on [this case].

The circuit court does "not have jurisdiction over an appeal where the plaintiff causes a voluntary dismissal of pending claims to manufacture finality for a joined claim that was dismissed with prejudice." Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1275 n.4 (10th Cir.

4

2001) (citing Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147, 148 (10th Cir. 1992)). "A plaintiff cannot be allowed to undermine the requirements of Rule 54(b) by seeking voluntary dismissal of [his] remaining claims and then appealing the claim that was dismissed with prejudice." Cook, 974 F.2d at 148.

Under the circumstances of this case, a certificate of final judgment under Rule 54(b) is not appropriate. Accordingly,

IT IS ORDERED that the Motion is DENIED.

Dated October 20, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge