IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01479-BNB-MJW

DR. PAUL A. MITCHELL, M.D.,

Plaintiff,

v.

ROCKY MOUNTAIN CANCER CENTERS, LLP,

Defendant.

_____

**ORDER**
_____

This matter arises on remand from the United States Court of Appeals for the Tenth Circuit. The circuit court has remanded the case with the following explanation:

> While both parties argue that we [the circuit court] have jurisdiction over this appeal because the district court's grant of summary judgment, coupled with the dismissal of the retaliation claim, even without prejudice, amounts to a final appealable order, and both parties obviously wish to have the merits of this case resolved, the procedural posture of the case leaves us not choice but to remand it. If, as the district court found, Mitchell's retaliation claim is a viable, still "alive" claim, then the court correctly found that Rule 54(b) certification is improper, we do not have a final order to review, and further proceedings on the retaliation claim must occur in the district court prior to any appeal. If, as both parties urge, it is not a viable claim, then the district court must enter a final order from which a proper appeal may be taken.

Order and Judgment [Doc. # 82, filed 3/4/2009] at p. 7.[1]

---

[1] The Mandate [Doc. # 83] issued on March 26, 2009.

Neither party has filed any motion or otherwise sought relief since the mandate issued.[2]

The retaliation claim was dismissed without prejudice. Order [Doc. # 70, filed 8/26/2008] at p.2. To permit the plaintiff to obtain a final appealable judgment on his discriminatory discharge and hostile work environment claims, the voluntary dismissal of his retaliation claim must be made with prejudice. The mechanism by which that may occur is Rule 60(b), Fed. R. Civ. P., and the parties must establish that the order dismissing the retaliation claim without prejudice was the result of mistake, inadvertence, surprise, or excusable neglect.

IT IS ORDERED that a written motion by either party addressing this issue shall be filed on or before **June 10, 2009**. A response to any such motion shall be file on or before **June 15, 2009**.

IT IS FURTHER ORDERED that the matter is set for a status conference on **June 16, 2009, at 8:30 a.m.,** in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

IT IS FURTHER ORDERED that at the status conference and upon an appropriate motion, I will consider whether the order dismissing the plaintiff's retaliation claim without prejudice was the result of mistake, inadvertence, surprise, or excusable neglect, and whether that claim should be dismissed with prejudice.

---

[2]I am aware of the plaintiff's *Motion for Leave to File Writ of Mandamus Pursuant to Rule 21 of Federal Rules of Civil Procedure* filed in the Tenth Circuit Court of Appeals on May 21, 2009.

Dated June 1, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge