IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01479-BNB-MJW

DR. PAUL A. MITCHELL, M.D.,

Plaintiff,

v.

ROCKY MOUNTAIN CANCER CENTERS, LLP,

Defendant.
_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion for Magistrate Judge Boland to Recuse Himself Because of Bias or Prejudice Pursuant to 28 U.S.C. § 144** [Doc. # 85, filed 6/10/2009] (the "Motion to Recuse"), which is DENIED.

Disqualification under 28 U.S.C. § 144 requires the following showing:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

The statute does not command automatic disqualification. <u>Hall v. Burkett</u>, 391 F. Supp. 237, 240 (W.D. Okla. 1975). Rather, it is the duty of the judge against whom the affidavit is filed to pass on its timeliness and legal sufficiency. <u>United States v. Azhocar</u>, 581 F.2d 735, 738 (9th Cir. 1978); <u>Hall</u> 391 F. Supp. at 240.

Although not raised by the plaintiff, disqualification may also be required under 28 U.S.C. § 455, which provides in relevant part:

>(a)  Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
>(b)  He shall also disqualify himself in the following circumstances:
>
>(1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court. In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

>Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification. Under § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted).

Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

>Thus, in addition to other factors, this and other courts have identified various matters arising in cases involving §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification . . .: (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere

>   familiarity with the [parties], or the type of charge, or kind of
>   defense presented; (5) baseless personal attacks on or suits against
>   the judge by a party; (6) reporters' personal opinions or
>   characterizations appearing in the media . . .; and (7) threats or
>   other attempts to intimidate the judge.

(Internal citations omitted.)

Especially applicable here is the holding of the United States Supreme Court in Liteky v. United States, 510 U.S. 540, 555-56 (1994):

>   It is enough for present purposes to say the following: First,
>   judicial rulings alone almost never constitute a valid basis for a
>   bias or partiality motion. In and of themselves, (*i.e.*, apart from
>   surrounding comments or accompanying opinion), they cannot
>   possibly show reliance upon extrajudicial source; and can only in
>   the rarest circumstances evidence the degree of favoritism or
>   antagonism required . . . when no extrajudicial source is involved.
>   Almost invariably, these are proper grounds for appeal, not for
>   recusal. Second, opinions formed by the judge on the basis of
>   facts introduced or events occurring in the course of the current
>   proceedings, or of prior proceedings, do not constitute a basis for a
>   bias or partiality motion unless they display a deep-seated
>   favoritism or antagonism that would make fair judgment
>   impossible.

The plaintiff is proceeding *pro se*. The tortured facts of this case have been stated and restated in my Order [Doc. # 61, filed 8/5/2008] and in the Order and Judgment of the Tenth Circuit Court of Appeals [Doc. # 82, filed 3/4/2009]. I will not repeat them.

The circuit court found:

>   The case presents us with a conundrum. While both parties argue
>   that we have jurisdiction over this appeal because the district
>   court's grant of summary judgment, coupled with the dismissal of
>   the retaliation claim, even without prejudice, amounts to a final
>   appealable order, and both parties obviously wish to have the
>   merits of this case resolved, the procedural posture of the case
>   leaves us no choice but to remand it. If, as the district court found,
>   Mitchell's retaliation claim is a viable, still "alive" claim, then the
>   court correctly found that Rule 54(b) certification is improper, we

> do not have a final order to review, and further proceedings on the
> retaliation claim must occur in the district court prior to any
> appeal. If, as both parties urge, it is not a viable claim, then the
> district court must enter a final order from which a proper appeal
> may be taken. In either event, an action is necessary in the district
> court before we have jurisdiction over an appeal.

Order and Judgment [Doc. # 82] at pp.7-8.

The Mandate issued on March 26, 2009. Mandate [Doc. # 83, filed 3/26/2009]. Thereafter, neither party filed any motion or otherwise sought to clarify or resolve the "conundrum" identified by the circuit court. Instead, the case sat idle until May 21, 2009, when the plaintiff filed in the circuit court his Motion for Leave to File Writ of Mandamus to Rule 21 of Federal Rules of Civil Procedure. To attempt to move the case and address the "conundrum," I entered an Order [Doc. # 84, filed 6/1/2009] (the "June 1 Order"). In view of the case history,[1] including their positions in the circuit court, it appeared to me that perhaps the parties had intended to dismiss the retaliation claim with prejudice. Consequently, in the June 1 Order I stated:

> The retaliation claim was dismissed without prejudice. To permit
> the plaintiff to obtain a final appealable judgment on his
> discriminatory discharge and hostile work environment claims, the
> voluntary dismissal of his retaliation claim must be made with
> prejudice. The mechanism by which that may occur is Rule 60(b),
> Fed. R. Civ. P., and the parties must establish that the order
> dismissing the retaliation claim without prejudice was the result of
> mistake, inadvertence, surprise, or excusable neglect.

---

[1] I note that the plaintiff previously sought to convert the dismissal of the retaliation claim to a dismissal <u>with</u> prejudice by a motion filed September 24, 2008. Plaintiff's Motion for Dismissal of Retaliation claim Be <u>With</u> prejudice and the Court Issue an Order of <u>Final</u> Judgment [Doc. # 73]. That motion was denied because the plaintiff failed to make any showing of a ground to justify relief under Rule 60, Fed. R. Civ. P. Order [Doc. # 74, filed 9/25/2008] at p.2.

> IT IS ORDERED that a written motion by either party addressing this issue shall be filed on or before June 10, 2009. A response to any such motion shall be filed on or before June 15, 2009.

Order [Doc. # 84] at p.2.

Of course, if the dismissal of the retaliation claim without prejudice was not a mistake or otherwise subject to relief under Rule 60(b), the plaintiff was at liberty to file whatever motion he believed would properly address the "conundrum" which had precluded the circuit court from reaching the merits of his appeal. The plaintiff filed no such motion addressing the "conundrum," and sought instead my disqualification.

The plaintiff relies on my June 1 Order as the basis for his Motion to Recuse, stating:

> On June 1, six weeks after RMCC "invited" me to file a Rule 60(b) motion for dismissal of the pending claim with prejudice, the magistrate judge provided evidence to me of a meeting of the minds and a desire to act in concert with RMCC for RMCC's unlawful object of manipulating finality to Mitchell v. RMCC Title VII claim. As first raised on April 22, 2009, RMCC's object to be accomplished was the manufacture of finality by Rule 60(b) Motion so that RMCC may attempt to claim an affirmative defense of res judicata on summary judgment of an ongoing state suit. After Mitchell refused to enter in an inappropriate Rule 60(b) stipulation to manufacture finality, as demonstrated in the June 1, 2009 magistrate judge Order, RMCC then conspired with the magistrate judge to order Rule 60(b) proceedings to accomplish RMCC's object of manufacturing a final judgment order.

Plaintiff's Affidavit of Bias or Prejudice Under 28 U.S.C. § 144 [Doc. # 86, filed 6/10/2009] ("Pl. Aff.") at p.4.

A prior adverse ruling, standing alone, is not sufficient grounds to require disqualification based on claims of bias or partiality. Liteky, 510 U.S. at 555. Of course, the June 1 Order is not even an adverse ruling--it is simply an order requiring the parties to file a motion addressing the "conundrum" identified by the circuit court.

5

Plaintiff's assertions of a conspiracy between RMCC and me, inappropriate influence by RMCC, and *ex parte* communications between RMCC and me are based purely on speculation, plaintiff's unfounded and unsupported beliefs, conclusions, opinion, and similar non-factual matters which do not satisfy the requirements for disqualification. Cooley, 1 F.3d at 993.

For example, the plaintiff points to that portion of my June 1 Order which discusses Rule 60(b) as evidence of a conspiracy. Pl. Aff. [Doc. # 86] at pp.4-5. However, dismissal with prejudice appeared to me at the time to be the relief the plaintiff sought. See n. 1 supra.

The plaintiff suggests that my June 1 Order was prompted by some inappropriate influence by the defendant. Pl. Aff. [Doc. # 86] at p.5. As that order indicates, however, it was prompted by the plaintiff's motion in the circuit court for a writ of mandamus. June 1 Order [Doc. # 84] at n.2.

The plaintiff suggests, without any evidence whatsoever, that I engaged in an improper *ex parte* communication with the defendant or its counsel. Pl. Aff. [Doc. # 86] at p.5 (stating without any factual support that "RMCC must have engaged in persuasive *ex parte* communication with the magistrate judge"). No such *ex parte* communication occurred, and the plaintiff's unfounded speculation that it "must have" occurred is no basis for disqualification.

The plaintiff suggests some impropriety because of an e-mail to him from defense counsel "[o]nly a few hours" after the June 1 Order was issued. Pl. Aff. [Doc. # 86] at p.6. Defendant's counsel was served with the June 1 Order electronically, pursuant to the court's CM/ECF system, which can accomplish service within minutes of the entry of an order.

Stated simply, the plaintiff has presented no facts (nor made any specific allegations) from which a reasonable person could infer or conclude that I am biased or prejudiced against

him or in favor of the defendant. Any error in connection with my June 1 Order is properly addressed by an appeal, but that order does not create a basis for disqualification.

IT IS ORDERED that the Motion to Recuse is DENIED.

Dated June 16, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge