IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01479-BNB-MJW

DR. PAUL A. MITCHELL, M.D.,

Plaintiff,

v.

ROCKY MOUNTAIN CANCER CENTERS, LLP,

Defendant.

---

## ORDER

---

This matter arises following remand from the Tenth Circuit Court of Appeals and on **Defendant's Rule 60(b) Motion to Convert Dismissal of Retaliation Claim to a Dismissal With Prejudice** [Doc. # 87, filed 6/10/2009] ("**Defendant's Rule 60(b) Motion**"). For the reasons stated below, **Defendant's Rule 60(b) Motion** is DENIED. The Clerk of the Court is directed to close the case.

On August 19, 2002, the Rocky Mountain Cancer Centers, LLP ("RMCC"), hired Dr. Paul A. Mitchell ("Mitchell"), the plaintiff here, as a radiation oncologist. *Order* [Doc. # 61] at p. 3. He became a partner in RMCC effective September 1, 2003. Id. He resigned his employment with RMCC effective February 6, 2006. Id. In connection with his resignation, Mitchell signed a resignation agreement which provided for a severance payment in the amount of $137,000 in exchange for a waiver by Mitchell of claims against RMCC and others. Id.

Mitchell commenced this action on August 14, 2007, by the filing of an unverified complaint. *Complaint* [Doc. # 4]. Mitchell filed the Complaint *pro se*, and he has proceeded *pro*

*se* throughout the case.  Consequently, I have liberally construed his pleadings.  Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as his advocate, however, and Mitchell,

although proceeding *pro se*, must comply with the fundamental requirements of the Federal

Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

> I construed Mitchell's Complaint to assert two claims:

>> Claim One alleges discriminatory discharge, hostile work
>> environment, and retaliation based on race.  *Complaint*, pp. 3-6.
>> Claim Two alleges discrimination based on age.  Id. at p. 7.

*Order* [Doc. # 61] at p. 4.

> RMCC moved to dismiss the Complaint on October 1, 2007, and moved for summary

judgment on May 21, 2008.  In its motion to dismiss, RMCC argued that Mitchell's age

discrimination claim must be dismissed because he did not exhaust available administrative

remedies.  *Memorandum Brief in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P.

12(B)(1) & (6)* [Doc. # 19, filed 10/1/2007] (the "*Motion to Dismiss Brief*") at pp. 1-4.  Mitchell

responded to the argument as follows:

>> Plaintiff does not claim age discrimination as a reason for his
>> discharge from RMCC and therefore arguments regarding failure
>> to follow procedural rules on this matter are not relevant to the
>> action of Plaintiff's petition.  However, Plaintiff alleges that
>> RMCC violated his rights under the ADEA when they failed to
>> afford him the privileges entitled to him upon service of the
>> termination agreement on February 8th, 2006.

*Response to Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (B)(1)& (2)* [Doc. # 36, filed

12/6/2007] ("*Response MTD*") at p. 1.

> RMCC interpreted Mitchell's response to mean that he claimed RMCC violated his rights

under the Older Worker Benefits Protection Act, 29 U.S.C. § 626(f)(1) (the "OWBPA"), which

establishes minimum notice requirements necessary for a person to effectively waive a claim

under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA").

Consequently, it argued that Mitchell's age discrimination claim should be dismissed for the

following reasons:

> Plaintiff's [ADEA] claim is premised on his allegation that RMCC
> violated the waiver of rights provisions of the [OWBPA], which
> sets forth the minimum notice requirements necessary to
> effectively waive an ADEA claim.  Plaintiff's ADEA claim must
> be dismissed because the Tenth Circuit has held that, where a
> plaintiff does not assert a separate ADEA claim, no claim for a
> violation of the OWBPA waiver of rights provision exists.
>
> In Whitehead v. Oklahoma Gas & Elec. Co., 187 F.3d 1184, 1191
> (10th Cir. 1999), the Tenth Circuit affirmed the district court's
> dismissal of the plaintiffs' ADEA claims on grounds that a
> violation of the OWBPA's notice requirements does not, by itself,
> establish a violation of the ADEA. . . .
>
> Following the Tenth Circuit's holding in Whitehead, courts have
> consistently held that the OWBPA provisions do not create an
> independent cause of action. . . .
>
> Here, Plaintiff concedes that he is not asserting an age
> discrimination claim.  As a result, his claim that RMCC violated
> the waiver provisions of the OWBPA by failing to provide him
> with certain notices at the time of his termination must be
> dismissed.

*Reply Brief In Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & (6)* [Doc. #

37, filed 12/20/2007] ("*Reply MTD*") at pp. 2-3.

Mitchell subsequently conceded that his age discrimination claim should be dismissed,

stating:

> At the time of filing this civil action in the U.S. District Court for
> the District of Colorado, Plaintiff mistakenly believed that the
> protection afforded by the statutory laws under Age Discrimination
> in Employment Act (29 U.S.C. § 626(f)) would only be invoked

> where a cause of action of age discrimination existed.  Plaintiff
> now acknowledges that a violation of the Older Workers Benefits
> Protection Act notice requirements does not, by itself, establish a
> violation of the ADEA, [citing <u>Whitehead</u>].  Subsequently, after
> recognizing his mistake, Plaintiff  removed age discrimination as a
> cause of action in this civil action.

*Plaintiff's Brief and Affidavit In Opposition to Defendant's Motion for Summary Judgment* [Doc.

# 59, filed 6/24/2008] ("*Reply MSJ*") at p. 1.

Mitchell's statement, in the past tense, that "Plaintiff removed age discrimination as a

cause of action," is not correct.  There is nothing in the record prior to the *Reply MSJ* [Doc. # 59]

indicating Mitchell's intention to withdraw his age discrimination claim.  Consequently, in

connection with ruling on RMCC's motion to dismiss, I stated that Mitchell's "age

discrimination claim is DISMISSED as withdrawn."  *Order* [Doc. # 61] at p. 11.

After analyzing Mitchell's remaining claims and RMCC's motions, I granted summary

judgment in favor of RMCC on Mitchell's claims of discriminatory discharge and hostile work

environment, and I ordered further briefing on Mitchell's sole remaining claim of retaliation.  <u>Id</u>.

Mitchell filed a *Notice of Appeal* [Doc. # 63] on August 13, 2008, attempting an

immediate appeal of "the summary judgment entered in favor of Defendant's Motion for

Summary Judgment for discriminatory discharge and hostile environment. . . ."  <u>Id</u>. at p. 1.

Shortly thereafter, apparently recognizing that my *Order* [Doc. # 61] did not constitute an

appealable final judgment because it did not dispose of his retaliation claim, Mitchell filed

*Plaintiff's Motion for the Withdraw of Pending Claim and Motion for District Court Order of*

*Final Judgment* [Doc. # 69, filed 8/25/2008] (the "*Motion to Withdraw Claim*").  The *Motion to*

*Withdraw Claim* states in its entirety:

> *Pro se* plaintiff Paul A. Mitchell, after due consideration,

4

> knowingly and voluntarily withdraws his pending retaliation claim against Rocky Mountain Cancer Centers in **Mitchell v. Rocky Mountain Cancer Centers** , Civil Action No. 07-cv-01479-BNB-MJW.
>
> Plaintiff's claim of retaliation remained the only issue of said case after the District Court Granted Summary Judgment to Rocky Mountain Cancer Centers.  Therefore, Plaintiff now removes the remaining obstacle for the District Court to Enter a Final Judgment Order on **Mitchell v. Rocky Mountain Cancer Centers** , Civil Action No. 07-cv-01479-BNB-MJW.

Id. at p. 1.

Significantly, the *Motion to Withdraw Claim* did not specify whether Mitchell was requesting dismissal of the retaliation claim with or without prejudice.  However, RMCC responded[1] to the *Motion to Withdraw Claim*, stating:

> Defendant Rocky Mountain Cancer Centers LLP, by its attorneys, hereby responds to Plaintiff's Motion for Withdraw[al] of Pending Claim and Motion for District Court Order of Final Judgment, and states, assuming Plaintiff's Motion is intended as a Motion under Fed. R. Civ. P. 41(a)(1) for dismissal of Plaintiff's retaliation claim without prejudice, RMCC hereby stipulates to such a motion.

*Defendants' Response to Plaintiff's Motion for the Withdraw[al] of Pending Claim and Motion for District Court Order of Final Judgment* [Doc. # 68, filed 8/25/2008] (the "*Response to Motion to Withdraw Claim*").

I construed Mitchell's *Motion to Withdraw Claim* and RMCC's response as a stipulation to dismiss under Fed. R. Civ. P. 41(a)(1).[2]  Pursuant to that provision, parties may voluntarily

---

[1] By circumstances not explained, RMCC's *Response to Motion to Withdraw Claim* [Doc. # 68] was filed on 8/25/2008 at 4:42 p.m., three minutes <u>before</u> Mitchell filed his *Motion to Withdraw Claim* [Doc. # 69] at 4:45 p.m.

[2] Although Fed. R. Civ. P. 41 speaks of dismissal of actions, numerous court have recognized that the rule can be used by parties either to dismiss the entire action or to dismiss

dismiss a claim, without court action, by filing "a stipulation of dismissal signed by all parties who have appeared."[3]   However, Rule 41(a)(1)(B) provides that such a dismissal is without prejudice "[u]nless the . . . stipulation states otherwise."   See Schmeir v. McDonald's LLC, 569 F.3d 1240, 1242 (10th Cir. 2009).   The dismissal of Mitchell's retaliation claim was without prejudice because no one stipulated otherwise: Mitchell was silent on the issue, *Motion to Withdraw Claim* [Doc. # 69] at p. 1, and RMCC stated expressly that it stipulated to dismissal without prejudice.   *Response to Motion to Dismiss Claim* [Doc. # 68] at p. 1.   In addition, my *Order* [Doc. # 70, filed 8/26/2008] noting the dismissal specified that the plaintiff's retaliation claim was dismissed without prejudice.[4]

   The Clerk of the Court entered judgment on August 28, 2008.   *Judgment* [Doc. # 71].

   On August 29, 2008, the Tenth Circuit Court of Appeals entered an *Order* [Doc. # 72]

_____

some, but less than all, claims.   9 Wright & Miller Federal Practice and Procedure: Civil 3d § 2362 at p. 410.

   [3]A specific form of stipulation is not required.   To the contrary, the parties' intention to stipulate to a dismissal will be honored provided it is made explicitly, unqualifiedly, and on the record.   See Morris v. City of Hobart, 39 F.3d 1105, 1109 (10th Cir. 1994); Pipeliners Local No. 798 v. Ellerd, 503 F.2d 1193, 1199 (10th Cir. 1974).   The *Motion to Withdraw Claim*, signed by Mitchell, and the *Response to Motion to Withdraw Claim*, signed by RMCC's counsel, filed virtually simultaneously, see note 1 supra, together satisfy the requirements of Rule 41(a)(1)(A)(ii).

   [4]Dismissal by stipulation under Fed. R. Civ. P. 41(a)(1)(A)(ii) is effective immediately upon filing and does not require judicial approval or action.   Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989); accord 9 Wright & Miller, supra, §2363 at p. 448.   Thus, my Order [Doc. # 70] was unnecessary.   Like many judges, however, I entered an order noting the parties' stipulation. See, e.g., Mann v. Colorado, 2008 WL 906046 * 4 (D. Colo. March 31, 2008) (discussing the "practice to take judicial notice of the [voluntary] dismissal on the record" to give notice to the parties and the clerk).   I did this to make clear to everyone, including the *pro se* plaintiff and the Clerk of Court, that I had construed the *Motion to Dismiss Claim* [Doc. # 69] and the *Response to Motion to Dismiss Claim* [Doc. # 68] together as a stipulation of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii).

stating:

> Although the district court dismissed the remaining claim, because the dismissal was without prejudice it may not be sufficient to render the earlier orders final for purposes of appeal. *See Jackson v. Volvo Trucks*, 462 F.3d 1234, 1238 910thCir. 2006) ("Our general rule is that a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice because the case has not been fully disposed of in the lower court.") (citing to *Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998)).

> Accordingly, within **30 days** of the date of this order, the plaintiff shall serve and file a copy of a district court order entering either a final judgment or a Rule 54(b) certification.

Mitchell then filed *Plaintiff's Motion for the Dismissal of Retaliation claim Be <u>With Prejudice and the Court Issue an Order of <u>Final</u> Judgment</u>* [Doc. # 73, filed 9/24/2008] ("*Mitchell's Motion to Dismiss With Prejudice*"). As grounds for his request that I alter the *Judgment* [Doc. 71] previously entered, Mitchell stated only:

> This Court dismissed Plaintiff's claim of retaliation without prejudice, which effectively barred Mitchell from seeking appeal of the summary judgment awarded in favor of Rocky Mountain Cancer Centers. Furthermore, Plaintiff now removes the remaining bar for the Court to Enter a Final Judgment Order on Mitchell v. Rocky Mountain Cancer Centers, Civil Action No. 07-cv-01479-BNB-MJW.

*Mitchell's Motion to Dismiss With Prejudice* [Doc. # 73] at p. 1.

Mitchell did not specify the rule of procedure under which his *Motion to Dismiss With Prejudice* was brought. Rule 59(e), Fed. R. Civ. P., allows a party to seek alteration or amendment of a judgment, but such a motion must be brought "no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Mitchell's motion was brought 27 days after judgment entered. Consequently, I construed *Mitchell's Motion to Dismiss With Prejudice* as a

7

motion for relief from judgment under Fed. R. Civ. P. 60.  Rule 60(a) allows a court to "correct a

clerical mistake or a mistake arising from oversight or omission whenever one is found."  In

addition, pursuant to Fed. R. Civ. P. 60(b), within one year after the entry of judgment or an

order a court may "relieve a party . . . from a final judgment, order, or proceeding" based on

"mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence"; "fraud . .

., misrepresentation, or misconduct by an opposing party"; and within  a "reasonable time" a

court may relieve a party of  a judgment or order because the judgment is "void"; because "the

judgment has been satisfied, released or discharged; . . . is based on an earlier judgment that has

been reversed or vacated; or applying it prospectively is no longer equitable; or [for] any other

reason that justifies relief."  Fed. R. Civ. P. 60(b) and (c).

Relief under Fed. R. Civ. P. 60(b) "is extraordinary and may only be granted in

exceptional circumstances."  Beugler v. Burlington No. & S. F. Ry Co., 490 F.3d 1224, 1229

(10th Cir. 2007).  Mitchell failed to specify in his *Motion to Dismiss With Prejudice* any ground

for relief under Rule 60, and none was obvious.  In particular, Mitchell did not allege or establish

that he and RMCC acted through mistake or inadvertence when they stipulated to the dismissal

of his retaliation claim without prejudice.

I denied *Mitchell's Motion to Dismiss With Prejudice* [Doc. # 73] with the following

explanation:

> A litigant may seek relief from a judgment under Rule 60 on
> various grounds.  The plaintiff does not identify or discuss which
> grounds, if any, entitle him to the relief he seeks, and none is
> obvious to me.

*Order* [Doc. # 74, entered 9/25/2008] at p. 2.

The next day, Mitchell filed a *Motion for 54(b) Certification* [Doc. # 76, filed 9/26/2008].

That motion states in its entirety:

> Pro se plaintiff Paul A. Mitchell moves the Court to grant a 54(b)
> certification of plaintiff's claim for retaliation which was
> dismissed without prejudice.
>
> Although the district court dismissed the remaining claim, because
> the dismissal was without prejudice, it may not be sufficient to
> render the earlier orders final for purposes of appeal.  Therefore,
> plaintiff requests that the district court enter a Rule 54(b)
> certification on the instant cause of action that was dismissed
> without prejudice and which articulates and supports the "finality"
> and "no just reason for delay."

*Motion for 54(b) Certification* [Doc. # 76] at p. 1.

RMCC did not respond to the *Motion for 54(b) Certification*.

Initially, I note that by its express terms, the *Motion for 54(b) Certification* requests that I

certify as final the dismissal without prejudice of the retaliation claim.  That obviously was not

the relief Mitchell sought.  I overlooked that error, however, and construed the *Motion for 54(b)*

*Certification* as a request that I certify as final my order granting summary judgment to RMCC

and against Mitchell on his claims of discriminatory discharge and hostile work environment.

Rule 54(b), Fed. R. Civ. P., as applicable here, states:

> When an action presents more than one claim for relief--whether
> as a claim, counterclaim, crossclaim, or third-party claim--. . . the
> court may direct entry of a final judgment as to one or more, but
> fewer than all, claims . . . only if the court expressly determines
> that there is no just reason for delay.  Otherwise, any order or other

> decision, however designated, that adjudicates fewer than all the
> claims . . . does not end the action as to any of the claims . . . and
> may be revised at any time before the entry of a judgment
> adjudicating all the claims. . . .

In an *Order* [Doc. # 77] entered on October 20, 2008, I denied the *Motion for 54(b)*

*Certification.*  In doing so, I quoted extensively from the decision of the Tenth Circuit Court of

Appeals in <u>Oklahoma Turnpike Authority v. Bruner</u>, 259 F.3d 1236 (10th Cir. 2001), to the

effect that "Rule 54(b) preserves the historic federal policy against piecemeal appeals"; "Rule

54(b) entries are not to be made routinely" and "trial courts should be reluctant to enter Rule

54(b) orders"; and that a Rule 54(b) certification is appropriate only upon two express findings--

first, that the certified order is final; and, second, "that there is no just reason to delay review of

the final order until it has conclusively ruled on all claims presented by the parties to the case."

<u>Id</u>. at 1241-42.  I found that a Rule 54(b) certification of the summary judgment on Mitchell's

claims of discriminatory discharge and hostile work environment was not appropriate because it

would violate the historic federal policy against piecemeal appeals--an important policy which

promotes judicial efficiency, expedites the ultimate termination of an action, and relieves

appellate courts of the need to repeatedly familiarize themselves with the facts of a case.

Specifically, I found:

> Here, the plaintiff's retaliation claim has been dismissed without
> prejudice, and no barrier exists to prevent him from reasserting it.
> In addition, because the plaintiff withdrew his ADEA claim, it was
> not addressed on the merits and could be reasserted in this Court.

*Order* [Doc. # 77] at p. 4.

In addition, and as a further basis for denying Rule 54(b) certification, I noted that in Amazon, Inc. v. Dirt Camp, Inc., 273 F.3d 1271, 1275 n.4 (10th Cir. 2001), the circuit court stated that it does "not have jurisdiction over an appeal where the plaintiff causes a voluntary dismissal of pending claims to manufacture finality for a joined claim that was dismissed with prejudice."  Similarly, in Cook v. Rocky Mountain Bank Note Co., 974 F.2d 147, 148 (10th Cir. 1992), the circuit court held that "[a] plaintiff cannot be allowed to undermine the requirements of Rule 54(b) by seeking voluntary dismissal of [his] remaining claims and then appealing the claim that was dismissed with prejudice."  I found that Mitchell was doing exactly that-- attempting to manufacture finality by the voluntary dismissal without prejudice of his retaliation claim.  See Order [Doc. # 77] at pp. 4-5.  As evidence of Mitchell's improper motive, I quoted from his Motion to Withdraw Claim [Doc. # 69]:

> Plaintiff's claim of retaliation remained the only issue of said case after the District Court Granted Summary Judgment to the Rocky Mountain Cancer Centers.  Therefore, Plaintiff now removes the remaining obstacle for the District Court to Enter a Final Judgment Order on [this case].

See Order [Doc. # 77] at p. 4.

I recognized that there is an exception to Rule 54(b)'s general rule "where the dismissal finally disposes of the case so that it is not subject to further proceedings in the federal court" and the plaintiff has been effectively prevented from refiling the claim in federal court.  Jackson v. Volvo Trucks North America, Inc., 462 F.3d 1234, 1238 (10thCir. 2006).  See Order [Doc. # 77] at p. 4.  For example, a claim dismissed without prejudice might be barred from subsequent assertion by the statute of limitation, and a Rule 54(b) certification might be appropriate. Mitchell has never argued or presented any evidence that his retaliation claim is subject to any

such bar precluding its reassertion.[5]

Mitchell filed another motion, the *Motion to the Dismissal of Pending Claim With Prejudice and Issuance of Final Judgment or Rule 54(b) Certification* [Doc. # 78, filed 10/24/2008] (the "*Third Motion*"), seeking to obtain finality so that an immediate appeal could be taken.  The *Third Motion* asserted several bases for the relief sought.  First, Mitchell argued:

> Under Tenth Circuit law and Fed. R. Civ. P. 41(a)(1), only the party bringing forth the claim may decide whether to voluntarily dismiss its claim with or without prejudice.  *Heimann v. Snead*, 133 F.3d 767 (10th Cir. 1998).  Where plaintiff files a voluntary dismissal by stipulation, the defendant does not have the authority to modify the terms or conditions of the dismissal, nor does the district court have the authority to condition the terms of the dismissal. . . .  The district court failed to follow controlling case law and the Federal Rules of Civil Procedure when it allowed RMCC--the party defending the claim--to dictate that the claim be dismissed without prejudice, rather than with prejudice as plaintiff-Mitchell had moved.

*Third Motion* [Doc. # 78] at p. 1.

Mitchell's reliance on Heimann v. Snead for the proposition that "only the party bringing forth the claim may decide whether to voluntarily dismiss its claim with or without prejudice" is unfounded.  That case contains no such holding and was concerned with an entirely different issue.  More importantly, however, Mitchell misstates the facts when he claims that he sought dismissal of his retaliation claim with prejudice.  To the contrary, *Mitchell's Motion to Withdraw Claim* [Doc. # 69] failed to address whether the dismissal was with or without prejudice.  Where

---

[5]The passage of time, alone, is no assurance.  The statute of limitation is an affirmative defense which is waived if not asserted.  See Beaird v. Seagate Technology, Inc., 145 F.3d 1159, 1174-75 (10th Cir. 1998).  Based on the record before me, there is no reason to know whether the parties have entered into a tolling agreement which would preclude RMCC from raising a limitations defense.

not specified, Fed. R. Civ. P. 41(a)(1)(B) provides that dismissal is without prejudice. Schmeir, 569 F.3d at 1242.

Mitchell next argued that there was a clerical mistake, but the argument is incomprehensible. *Third Motion* [Doc. # 78] at p. 2. Significantly, however, Mitchell failed to assert that it was his intention and the intention of RMCC that the retaliation claim be dismissed with prejudice, and that my order dismissing that claim without prejudice was the result of mistake, inadvertence, or oversight. To the contrary, as of the date of the *Third Motion,* RMCC had never stated in any filing or otherwise suggested that it did not intend for the dismissal of Mitchell's retaliation claim to be other than without prejudice.

Finally, Mitchell argued:

> Alternatively, if the District Court sees no clerical inconsistency or mistake, then, according to Rule 54(b), because it granted plaintiff's motion for Final Judgment, the District Court must also provide a Rule 54(b) certification indicating that there is no just reason for delay.

Id. The argument is conclusory. More importantly, Mitchell failed to address either of the reasons stated in my *Order* [Doc. # 77] for denying Rule 54(b) certification--first, that no barrier existed to prevent Mitchell from reasserting his retaliation claim, which could result in multiple appeals; and second, that Mitchell was attempting to improperly manufacture finality contrary to the prohibitions expressed in Amazon, 273 F.3d at 1275 n.4, and Cook, 974 F.2d at 148.

I denied the *Third Motion*, stating:

> The [Third] Motion raises again matters previously dealt with by my orders of September 25, 2008 [Doc. # 74], and October 20, 2008 [Doc. # 77]. Nothing in the [Third] Motion causes me to reconsider or otherwise alter my earlier rulings.

*Order* [Doc. # 79, filed 10/27/2008].

On November 25, 2008, the circuit court issued an *Order* [Doc. # 80] reserving judgment on the jurisdictional issue and ordering briefing on the merits of Mitchell's appeal.  On March 4, 2009, the circuit court entered its *Order and Judgment* [Doc. # 82] where it ruled:

> The case presents us with a conundrum.  While both parties argue that we have jurisdiction over this appeal because the district court's grant of summary judgment, coupled with the dismissal of the retaliation claim, even without prejudice, amounts to a final appealable order, and both parties obviously wish to have the merits of this case resolved, the procedural posture of the case leaves us no choice by to remand it.  If, as the district court found, Mitchell's retaliation claims is a viable, still "alive" claim, then the court correctly found that Rule 54(b) certification is improper, we do not have a final order to review, and further proceedings on the retaliation claim must occur in the district court prior to any appeal.  If, as both parties argue, it is not a viable claim, then the district court must enter a final order from which a proper appeal may be taken.  In either event, an action is necessary in the district court before we have jurisdiction over an appeal.

*Order and Judgment* [Doc. # 82] at pp. 7-8.  The circuit court remanded the case "for further proceedings consistent herewith."  Id. at p. 8.

Following remand, neither party sought any relief from me.  To the contrary, the case sat idle for approximately two months until May 21, 2009, when Mitchell filed in the circuit court a *Motion for Leave to File Writ of Mandamus Pursuant to Rule 21 of Federal Rules of Civil Procedure*.  See *Order* [Doc. # 84, filed 6/1/2009].  Thereafter, I entered an *Order* [Doc. # 84] stating:

> [Mitchell's] retaliation claim was dismissed without prejudice. . . .
> To permit the plaintiff to obtain a final appealable judgment on his discriminatory discharge and hostile work environment claims, the voluntary dismissal of his retaliation claim must be made with prejudice.  The mechanism by which that may occur is Rule 60(b), Fed. R. Civ. P., and the parties must establish that the order dismissing the retaliation claim without prejudice was the result of mistake, inadvertence, surprise, or excusable neglect.

14

Id. at p. 2.  I ordered that "a written motion by either party addressing this issue shall be filed on or before June 10, 2009"; I required a response to any such motion by June 15, 2009; and I set the matter for a hearing on June 16, 2009, at 8:30 a.m.  Id.

Rather than filing a motion addressing the finality problem, on June 10, 2009, Mitchell filed *Plaintiff's Motion for Magistrate Judge Boland to Recuse Himself Because of Bias or Prejudice Pursuant to 28 U.S.C. § 144* [Doc. # 85] (the "*Motion to Recuse*").  The *Motion to Recuse* was supported by an 18 page affidavit.  *Plaintiff's Affidavit of Bias or Prejudice Under 28 U.S.C. § 144* [Doc. # 86, filed 6/10/2009] (the "*Mitchell Aff.*").  Particularly relevant to the finality issue is the following:

> On April 10, 2009, the Denver County Court of the 2nd Judicial District of Colorado allowed defendants DiBello and RMCC to move for summary judgment against me.  (Back in May of 2008, I filed a law suit against these defendants for causes of action unrelated to the Title VII discrimination claim pending in federal court.  In defendants motion for summary judgment, they claimed, among other things, the affirmative defense of res judicata.)  However, at the April 10, 2009 [state court] hearing, the state judge made it clear to defendants that their res judicata defense could not stand where there was no final judgment on the Title VII claim.  Consequently, on April 22, 2009, RMCC counsel sent me an email which "invited" me to file a *Stipulated Rule 60(b) Motion to Convert Dismissal of Retaliation Claim To a Dismissal With Prejudice*.  Exh. 1.  Attached to email, the defendant's Rule 60(b) motion indicated their grounds as the following:
>
> "*It was only through RMCC's inadvertent mistake that the motion was construed as one for dismissal without prejudice and was granted in that manner.  The mistake, inadvertence, surprise, and excusable neglect should be rectified by converting the dismissal of the retaliation claim without prejudice to a dismissal with prejudice and thereby allowing the judgment to become final as to all claims.*"
>
> Exh. 2.  I opposed RMCC's April 22nd Rule 60(b) motion for several reasons.  First, the appellate court, in their decision, and the

magistrate judge, in orders denying previous Rule 60(b) motions
and requests for Rule 54(b) Certification, both found that it was
unlawful for a party to cause a voluntary dismissal of pending
claims to manufacture finality for a joined claim. . . . Secondly,
prior to the appellate court's assuming jurisdiction over the matter,
the magistrate judge had denied my identical Rule 60(b) motions
to convert the dismissal without prejudice of the pending claim to a
dismissal with prejudice on September 25, 2008 [Doc. 74] and
again on October 27, 2008 [Doc. 79]. Finally, during both of these
motions nine months earlier, the defendant RMCC failed to come
forward with any admissions to "mistake, inadvertence, surprise,
and excusable neglect" as be had done now. Moreover, RMCC
had failed to provide me with a plausible reason for why he had
waited nine months before making the admission of a mistake.

On June 1, six weeks after RMCC "invited" me to file a Rule 60(b)
motion for dismissal of the pending claim with prejudice, the
magistrate judge provided evidence to me of a meeting of the
minds and a desire to act in concert with RMCC for RMCC's
unlawful object of manufacturing finality to the *Mitchell v. RMCC*
Title VII claim. As first raised on April 22, 2009, RMCC's object
to be accomplished was the manufacture of finality by Rule 60(b)
Motion so that RMCC may attempt to claim an affirmative defense
of res judicata on summary judgment of an ongoing state suit.
After Mitchell refused to in enter in an inappropriate Rule 60(b)
stipulation to manufacture finality, as demonstrated in the June 1,
2009 magistrate judge Order, RMCC then conspired with the
magistrate judge to order Rule 60(b) proceedings to accomplish
RMCC's object of manufacturing a final judgment order.

*Mitchell Aff.* [Doc. # 86] at pp. 3-4.

Although not entirely clear, at least in part because I have not been provided with the

pleadings in the state court action referred to by Mitchell, it appears that Mitchell now opposes

the dismissal with prejudice of his retaliation claim because such a dismissal would have a

negative impact on his state court action. Mitchell cannot have it both ways. To accomplish

finality so that he may appeal the entry of summary judgment on his discrimination and hostile

work environment claims, Mitchell's retaliation claim must be dismissed with prejudice

16

regardless of any adverse impact such a ruling would have in the state court action.[6]

I denied Mitchell's *Motion to Recuse*.  After discussing the applicable law, I noted:

> The Mandate issued on March 26, 2009.  Thereafter, neither party
> filed any motion or otherwise sought to clarify or resolve the
> "conundrum" identified by the circuit court.  Instead, the case sat
> idle until May 21, 2009, when the plaintiff filed in the circuit court
> his Motion for Leave to File Writ of Mandamus to Rule 21 of
> Federal Rules of Civil Procedure.  To attempt to move the case and
> address the "conundrum," I entered an Order (the "June 1 Order").
> In view of the case history, including their positions in the circuit
> court, it appeared to me that perhaps the parties had intended to
> dismiss the retaliation claim with prejudice.  Consequently, in the
> June 1 Order I stated:

> "The retaliation claim was dismissed without prejudice.  To permit
> the plaintiff to obtain a final appealable judgment on his
> discriminatory discharge and hostile work environment claims, the
> voluntary dismissal of his retaliation claim must be made with
> prejudice.  The mechanism by which that may occur is Rule 60(b),
> Fed. R. Civ. P., and the parties must establish that the order
> dismissing the retaliation claim without prejudice was the result of
> mistake, inadvertence, surprise, or excusable neglect.

> "IT IS ORDERED that a written motion by either party addressing
> this issue shall be filed on or before June 10, 2009.  A response to
> any such motion shall be filed on or before June 15, 2009."

---

[6]Alternatively,  Mitchell could present evidence establishing that the retaliation claim
lacks any continuing vitality so as to justify a Rule 54(b) certification.  See Jackson v. Volvo
Trucks, 462 F.3d at 1238 (noting that a Rule 54(b) certification is appropriate where "the
dismissal [without prejudice] finally disposes of the case so that it is not subject to further
proceedings in the federal court"), and discussion at p. 10 supra.  Mitchell has never presented
any such evidence, nor has he argued that the retaliation claim lacks continuing vitality.

> Of course, if the dismissal of the retaliation claim without prejudice was not a mistake or otherwise subject to relief under Rule 60(b), the plaintiff was at liberty to file whatever motion he believed would properly address the "conundrum" which had precluded the circuit court from reaching the merits of his appeal. The plaintiff filed no such motion addressing the "conundrum," and sought instead my disqualification.

*Order* [Doc. # 88] at pp. 4-5 (internal citations and footnote omitted).

Although Mitchell failed to respond to my request for a motion addressing the finality problem, RMCC filed **Defendant's Rule 60(b) Motion** [Doc. # 87"). RMCC argues in that motion:

> RMCC believes that a conversion of the dismissal of the retaliation claim from a dismissal *without* prejudice to a dismissal *with* prejudice is justified under subsections (1) and (6) of Rule 60(b). Specifically, Rule 60(b)(1) allows a court to relieve a party from a final judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." This provision affords relief where "the party has made an excusable litigation mistake," "and attorney in the litigation has acted without authority," or "the judge has made a substantive mistake of law or fact in the final judgment or order." Rule 60(b)(6) further allows relief from a judgment for "any other reason that justifies relief." This provision applies "when it offends justice to deny such relief." Relief under either subsection of Rule 60(b) is a matter within the court's discretion.
>
> In this case, Dr. Mitchell is entitled to relief under either subsection of the Rule because he clearly intended that the retaliation claim be dismissed in such a manner as to allow his appeal to proceed on his remaining claims. Thus, since a dismissal *with* prejudice was required for finality of the Court's judgment, his motion more properly should have been construed as a motion for dismissal *with* prejudice. Mitchell's mistake was in not making his request clear that the dismissal be with prejudice. This mistake, inadvertence, and excusable neglect should be rectified by converting the dismissal of the retaliation claim *without* prejudice to a dismissal *with* prejudice and thereby allowing the judgment to become final as to all claims.

**Defendant's Rule 60(b) Motion** [Doc. # 87] at ¶¶6-7 (internal citations omitted).

18

It is important to note the RMCC does not state that it committed a mistake justifying conversion of the dismissal to one with prejudice when it said it stipulated to the dismissal of the retaliation claim without prejudice.  See *Response to Motion to Withdraw Claim* [Doc. # 68] at p. 1 (where RMCC states that "assuming Plaintiff's Motion is intended as a Motion under Fed. R. Civ. P. 41(a)(1) for dismissal for Plaintiff's retaliation claim without prejudice, RMCC hereby stipulates to such a motion" (emphasis added)).  Nor does RMCC address Mitchell's current position on the issue, and in particular his repeated statements in connection with his *Motion to Recuse* and supporting affidavit that "it [is] unlawful for a party to cause a voluntary dismissal of pending claims to manufacture finality for a joined claim," and describing as "inappropriate" a "Rule 60(b) stipulation to manufacture finality."  *Mitchell Aff.* [Doc. # 86] at pp. 3-4.

I set a hearing on June 16, 2009, to address the finality "conundrum."  Mitchell did not appear at that hearing, did not ask that it be rescheduled, and did not contact the court to attend the hearing by telephone.  *Courtroom Minutes* [Doc. # 89, filed 6/16/2009].

Rule 60(b), Fed. R. Civ. P., allows me "on motion and just terms" to relieve a party from a final judgment, order, or proceeding based on "mistake, inadvertence, surprise, or excusable neglect."  RMCC has never stated that its stipulation to the dismissal of the retaliation claim without prejudice was a mistake or the result of inadvertence or excusable neglect.  Although Mitchell once sought relief pursuant to Rule 60(b), he never specified any grounds for the relief and never stated that he was mistaken in not specifying that dismissal of his retaliation claim should be with prejudice; and Mitchell now appears to oppose an order dismissing the retaliation claim with prejudice, taking the position that granting relief under Rule 60(b) and converting the dismissal to one with prejudice would be "unlawful" and the culmination of a conspiracy

19

between RMCC and me to cause him harm. *Mitchell Aff.* [Doc. # 86] at p. 4.  Under these

circumstances, where all parties to the stipulation of dismissal do not agree to an order

modifying the stipulation, it would be improper to grant relief under Rule 60(b).  Netwig v.

Georgia-Pacific Corp., 375 F.3d 1009, 1010-11 (10th Cir. 2004) (holding that the defendant

could not invoke Rule 60(b) to modify the plaintiff's unilateral dismissal of a claim without

prejudice).[7]

Mitchell's rush to appeal before the case was fully resolved and his refusal to

comprehend the rules of procedure and orders of the court have led to an imbroglio, but it is of

Mitchell's making.  I have never been presented with any legitimate basis under Rule 60(b) to

modify my order to dismiss the retaliation claim with prejudice.  Indeed, Mitchell now opposes

dismissal with prejudice.  I have never been presented with a convincing argument that there is

no just reason for delay sufficient to justify a Rule 54(b) certification of the summary judgment

order on Mitchell's race discrimination and hostile work environment claims.

---

[7]I am aware of the following statement in **Defendant's Rule 60(b) Motion**:

> Having dismissed his Title VII retaliation claim without prejudice,
> Mitchell may no longer assert such a claim based on the Right to
> Sue letter attached to his initial Complaint.  On its face, it was
> mailed to him on March 30, 2007, and the 90 days within which he
> was obliged to file suit long ago expired. . . .  Thus, his retaliation
> claim is "no longer viable" and, as the 10th Circuit has requested,
> this Court should enter a final appealable order to that effect.

Id. [Doc. 87] at ¶8.  RMCC did not move for Rule 54(b) certification in its motion, however.  In
addition, Mitchell did not respond to **Defendant's Rule 60(b) Motion** or attend the hearing at
which it was addressed, and I do not know his current position on whether the retaliation claim is
barred.  In view of my concerns earlier expressed, see pp. 9-11 supra, I am not willing to grant
Rule 54(b) certification under these circumstances.

Mitchell asserted claims of discriminatory discharge, hostile work environment, and retaliation based on race; and discrimination based on age. *Order* [Doc. # 61]. I granted summary judgment in favor of RMCC on the race discrimination and hostile work environment claims. *Order* [Doc. # 61]. I dismissed as withdrawn Mitchell's age discrimination claim. Id. The retaliation claim was dismissed without prejudice by the parties' stipulation. See *Order* [Doc. # 70]. Judgment has been entered. *Judgment* [Doc. # 71]. No basis has been presented to justify an order relieving the parties from any final judgment, order, or proceeding. All pending motions have been resolved or are resolved by this Order. This matter is concluded.

IT IS ORDERED that the **Defendant's Rule 60(b) Motion** is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

Dated October 22, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge